# BRAFMAN & ASSOCIATES, P.C.

### ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

**BENJAMIN BRAFMAN**

ANDREA ZELLAN
OSNAT LUPESKO-PERSKY
JOSHUA D. KIRSHNER

**MARK M. BAKER**
OF COUNSEL

**MARC AGNIFILO**
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

June 13, 2012

**FILED VIA ECF**
Honorable Joanna Seybert
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York   11722

Re:   **United States v. Joseph Cefalu**
      **(11 CR 824)(JS)**

Dear Judge Seybert:

      Based on a review of the transcript of Mr. Joseph Cefalu's bail hearing before this Court on December 21, 2011, it does not appear that this Court in fact ever ordered home detention for this defendant. However, due to a notation in the Order Setting Conditions of Release and Bond (a copy of which is attached as Exhibit 1) suggesting that defendant is "subject to home detention with electronic monitoring with the following conditions…," the Pretrial Services agency has considered defendant to be on home detention since December 21, 2011[1]. Because it appears that this Court did not order home detention for this defendant, defendant moves this Court to correct the entry on the Order Setting Conditions of Release and Bond to indicate that defendant is not subject to home detention.

---

[1] Pretrial Services has indicated that it considers defendant to be subject to home detention due to the Order Setting Conditions Of Release And Bond.

1

**BRAFMAN & ASSOCIATES, P.C.**

1. The Bail Hearing of December 21, 2011

On December 21, 2011, a bail hearing was held for Dominic Cefalu and Joseph Cefalu (the full transcript of that hearing is attached as Exhibit 2).[2] The Court first heard the bail application of Joseph Cefalu. The Court asked for the "government's position on bail with respect to Joseph Cefalu" and the government responded, "Your Honor, we agreed on a bail package in the amount of $500,000 to be secured by real property and the defendant's sister-in-law's assets." (Trans., p. 6).

Later in the proceedings, the Court put on the record the recommendations of Pretrial Services, which also did not include a condition of home detention. The Court stated as follows:

> I have reviewed the Pretrial Services report, and they have recommended that the defendant be released on a substantial collateral bond to be secured by property and co-signed by family members, with the following conditions, that he be – to report to Pretrial Services as directed, submit to random home and employment visits, surrender passport, no new passport applications, travel restricted to the Eastern and Southern Districts of New York, and no codefendant, victim and organized crime contact.

(Trans., p. 13.)

After the bond was signed by the two co-signors and defense counsel Eric Franz, the Court had a discussion about electronic monitoring in the context of defendant's short trip to Florida. However, while there was certainly a discussion about the fact that upon defendant's return from Florida, he would be provided with an electronic monitoring device, again there was no mention of defendant being subject to home detention. In fact, there was never any mention on the record during the bail hearing that defendant was subject to home detention.

2. The Order Setting Conditions of Release and Bond

Following the Court proceeding, an Order Setting Conditions Of Release And Bond (Exhibit 1) was completed. The order contains a series of numbered parentheticals. Those parentheticals that correspond to a condition ordered as part of defendant's release are denoted by an "X" inside the parenthetical. Each of the ordered conditions is clearly denoted by the corresponding "X."

---

[2] Current counsel was not yet involved in the representation of defendant Joseph Cefalu at the time of the initial hearing. Instead, with Joseph Cefalu's express consent, Eric Franz represented both Joseph and Dominick Cefalu at this hearing.

**BRAFMAN & ASSOCIATES, P.C.**

However, in regard to the parenthetical corresponding to home detention, there is apparent confusion. For this entry, there is something written that appears to be then crossed out and a small arrow placed to the left of the crossed out entry. Pretrial Services interprets this marking to denote that defendant is subject to home detention. However, the marking on the document itself is less than clear. Rather than suggesting clarity that home detention was ordered, the entry itself shows a certain amount of vagueness or uncertainty.

3. <u>Co-Defendant Dominic Cefalu's Release Conditions</u>

As noted, Joseph Cefalu's brother, Dominic Cefalu, had a bail hearing at the same time as Joseph. Each was represented by Eric Franz. The hearing regarding Dominic was far more factually contentious than that for Joseph. On Dominic Cefalu's Order Setting Conditions Of Release And Bond (attached as Exhibit 3), there is a clear indication that home detention is ordered subject to the following conditions: "PTS can set curfew based on work schedule; religious, medical, legal appointment."

It should be noted that there were no conditions connected to defendant Joseph Cefalu's home detention order. It simply does not make sense, given the Government's bail requests for these two defendants, that Joseph would be given home detention without any conditions, and that Dominic would be granted numerous conditions to his home detention. This is further evidence that the home detention condition for Joseph Cefalu was simply an oversight or possibly the result of confusion between him and his brother.

4. <u>There Was No Reason for the Court to Order Home Detention</u>

It is not surprising that the Court did not order home detention for Joseph Cefalu. First, as noted, Pretrial Services did not recommend this as a condition. Second, the Court noted in connection with Dominic Cefalu's bail hearing that the charged conduct was remote in time. Third, there is absolutely nothing about Joseph Cefalu's personal circumstances that would justify this as a condition. As I believe Pretrial Services will attest, he has been fully compliant while on release. Also, he is a true family man who devotes virtually all his free time to his wife and his children. If allowed to be released from home detention, he would continue to work at his jewelry store and would continue to be a responsible family man to his immediate family[3].

5. <u>Conclusion</u>

Based on the transcript of the two bail hearings (Exhibit 2) and the Orders for Joseph and Dominic Cefalu (Exhibits 1 and 3 respectively), it is clear that home detention

---

[3] Insofar as this application is for a correction of an error on the order, and not a bail review hearing, counsel is not seeking to set forth all the facts necessary for the Court to evaluate defendant's bail conditions.

3

**BRAFMAN & ASSOCIATES, P.C.**

was deemed ordered for Joseph Cefalu in error, and that this condition should be removed, leaving the remaining release conditions in place.

                                                  Respectfully submitted,

                                                  Marc Agnifilo
                                                  Of Counsel
                                                  Brafman & Associates
                                                  767 Third Avenue
                                                  New York, New York   10017
                                                  (212) 750-7800

cc.    AUSA Amir Toossi (via ECF)
        All Counsel (via ECF)